UNIT UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

FRANKLYN G. HEUSSER,                         CHAPTER 13
*AKA FRANKLIN G. HEUSSER*                     CASE NO. 17-31672
*AKA FRANK G. HEUSSER*
    DEBTOR


HOME LOAN INVESTMENT BANK,
F.S.B.
    MOVANT

VS.

FRANKLYN G. HEUSSER,
*AKA FRANKLIN G. HEUSSER*                     DATE: <u>JANUARY 11, 2018</u>
*AKA FRANK G. HEUSSER*
    DEBTOR
DOLORES M. HEUSSER,
    CO-DEBTOR
ROBERTA NAPOLITANO, TRUSTEE
    RESPONDENTS

<u>MOTION FOR RELIEF FROM STAY, CO-DEBTOR STAY,
IN REM ORDER AND RELATED EQUITABLE RELIEF</u>

    The Movant, Home Loan Investment Bank, F.S.B., a secured creditor of the above named

Franklyn G. Heusser aka Franklin G. Heusser aka Frank G. Heusser ("Debtor"), and Delores M.

Heusser ('Co-Debtor") with respect to certain real property having an address of 27 Prindle

Avenue, Ansonia, Connecticut 06401 ("Property") by and through its undersigned attorneys,

pursuant to 11 U.S.C. Section 105 and 362 requests an *in rem* Order and related equitable relief

enter, and as grounds therefore respectfully represents the following to the Court:

    1.    The Debtor, Franklyn G. Heusser aka Franklin G. Heusser aka Frank G. Heusser

and Delores M. Heusser ("Co-Debtor") have executed and delivered or are otherwise obligated with

respect to that certain promissory note in the original principal amount of $250,000.00 ("Note").  A

copy of the Note is attached hereto as Exhibit A.  Movant is an entity entitled to enforce the Note
and the Mortgage (defined below).

      2.    Pursuant to that certain Open-End Mortgage ("Mortgage"), all obligations
(collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage
are secured by the Property.  A copy of the Mortgage is attached hereto as Exhibit B.

      3.    At the time of the filing of this Motion, said entity, directly or through an agent,
has possession of the promissory note.  The Note is made payable to said entity.  The Movant
therefore has standing.

    5.  As of December 1, 2017, the Debtor contractually due for September 1, 2016.

    6.  The estimated market value of the Property is $270,000.00.   The basis for such
valuation is Debtor's Schedule A, attached hereto as Exhibit C.  The amount of the Movant's debt is
approximately $189,282.05, pursuant to a judgment of strict foreclosure that entered July 18, 2016 in
Asonia/MilfordSuperior Court, Case # AANCV156019411S, attached hereto as Exhibit D.

    7.  There is no equity for the unsecured Creditors of this Estate in the aforesaid property.
Pursuant to Debtor's Schedule D, the encumbrances on the Property listed in the Schedules or
otherwise known, excluding the encumbrance granted to Movant as set forth above, totals
$85,000.00, attached hereto as Exhibit E

    9.  The Debtor has engaged in serial fillings for the sole purpose of delaying the Movant's
foreclosure action.

    10.  On August 3, 2016 the Debtor filed a Chapter 13 Bankruptcy, Case No. 16-31224.  Said
bankruptcy was filed just prior to the scheduled September 3, 2016 sale date.  Said bankruptcy
case dismissed on January 14, 2017 attached hereto as Exhibit F.

    12.  This present Chapter 13 bankruptcy, Case No. 17-31672 was filed by the Debtor on

November 1, 2017.  Said bankruptcy was filed just prior to the scheduled December 2, 2017 sale

date attached hereto as Exhibit G.

13.  The Movant is entitled pursuant to 11 U.S.C. § 362(d)(1) to relief from automatic stay,

for cause, including lack of adequate protection of its interest in the subject property.

14.  The Movant is entitled to in rem relief from the automatic stay pursuant to 11 USC

Section 362(d)(4) for the following reasons:

a.        The loan is contractually due for September 1, 2016.

Upon information and belief, the Borrower, in an effort to delay, hinder or defraud the

Movant had previously and similarly filed bankruptcy petitions immediately prior to scheduled

foreclosure sale dates.

15.  As a result of the prior bankruptcies filed by the Debtor, which were dismissed, the

Creditor seeks in rem relief so that that any petition filed by or against the Debtor individually or

jointly or by any insider of the Debtor, see 11 U.S. C. § 101(31), or other person with an interest

in the Property, prior to the completion of the Movant's efforts to enforce its rights concerning

the Property and all appeals related thereto, shall not operate as a stay (or trigger a stay) under

Bankruptcy Code Section 362(a) as to the Property, provided, that any such prospective debtor,

may seek on an expedited basis an order of the undersigned judge, or the judge assigned the

newly filed bankruptcy case, relieving them from the prejudice of this paragraph. Such

prospective debtor's request for such relief shall be by written motion properly noticed and

served upon the Movant and/or its successors(s) and assigns, accompanied by (i) a copy of this

Court's Order Granting Relief from the Automatic Stay and (ii) an affidavit attesting that they

are not, directly or indirectly, associated with the Debtor except to the extent of being a good

faith transferee with regard to the Property, setting forth with the particularity the status of the

Movant's foreclosure or eviction efforts as to the Property, and particularizing and attesting that there are new and exceptional circumstances warranting application of Section 362(a) to the Property in the newly filed case notwithstanding this order.  In the alternative, the Movant seeks relief from the current automatic stay and prospective relief as to any future bankruptcy stay as a result of any bankruptcy filing by this Debtor.  In the alternative, the Movant requests relief from the automatic stay in this bankruptcy case.

16.    The Movant also requests that this court order that Bankruptcy Rule 4001(a)(3) is not applicable so that Movant may immediately enforce and implement the requested order modifying the stay.

17.  The Movant also requests that, to the extent that there exists a co-debtor stay under 11 U.S.C. §1301(a), the Movant requests that the same be modified by allowing Movant to enforce its interest in the Property against the co-debtor.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.    Relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4) allowing Movant, its successors or assign, to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3.    Further, to the extent that there exists a co-debtor stay under 11 U.S.C. §1301(a), the Movant requests that the same be modified by allowing Movant to enforce its interest in the Property against the co-debtor.

/s/Linda St. Pierre

Linda  St. Pierre
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
Telephone No. 860-240-9156
Federal Bar No. CT22287

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

FRANKLYN G. HEUSSER,                    CHAPTER 13
*AKA FRANKLIN G. HEUSSER*               CASE NO. 17-31672
*AKA FRANK G. HEUSSER*
        DEBTOR


HOME LOAN INVESTMENT BANK,
F.S.B.
        MOVANT

VS.

FRANKLYN G. HEUSSER,
*AKA FRANKLIN G. HEUSSER*               DATE:  JANUARY 11, 2018
*AKA FRANK G. HEUSSER*
        DEBTOR
DOLORES M. HEUSSER,
        CO-DEBTOR
ROBERTA NAPOLITANO, TRUSTEE
        RESPONDENTS


ORDER GRANTING HOME LOAN INVESTMENT BANK, F.S.B.
MOTION FOR EQUITABLE RELIEF AND IN REM ORDER

The Motion for Relief from Automatic Stay in the above entitled matter having come

before the court, it is hereby ORDERED:

1. That the Automatic Stay in the above-captioned case be modified to permit Home

Loan Investment Bank, F.S.B. and/or its successors and assigns to allowing Movant, its

successors or assign, to proceed under applicable non-bankruptcy law, including but not

limited to, enforcing its remedies to foreclose upon and obtain possession of real property

known as 27 Prindle Avenue, Asonia, Connecticut 06401.

2.  That Debtor shall be barred from filing any petitions for relief under Title 11 for 2 years.

3.  That the Debtor is enjoined from transferring in any way any interest in the real property known as 27 Prindle Avenue, Asonia, Connecticut 06401 for a period of 2 years.

4.  This Order shall be binding on the Debtor and the record owners of the property for a period of 2 years.  The Order shall be binding on and in any subsequent Title 11 filings by any owner/occupant of the property such that the stay shall remain lifted until the foreclosure action is complete.  The Order shall be recorded on the 27 Prindle Avenue, Asonia, Connecticut 06401 Land Records.  Notice shall be given to such Connecticut state court or judicial authority conducting the foreclosure sale.  Any successors or assigns to the property, by deed, mortgage, lien or any other recorded instrument shall take such interest subject to this Order.

5.  Further, to the extent that there exists a co-debtor stay under 11 U.S.C. §1301(a), the Movant requests that the same be modified by allowing Movant to enforce its interest in the Property against the co-debtor.

*/s/Linda St. Pierre*
/s/Linda St. Pierre
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
Telephone No. 860-240-9156
Federal Bar No. CT22287

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

FRANKLYN G. HEUSSER,                         CHAPTER 13
*AKA FRANKLIN G. HEUSSER*                     CASE NO. 17-31672
*AKA FRANK G. HEUSSER*
    DEBTOR


HOME LOAN INVESTMENT BANK,
F.S.B.
    MOVANT

VS.

FRANKLYN G. HEUSSER,
*AKA FRANKLIN G. HEUSSER*                     DATE: <u>JANUARY 11, 2018</u>
*AKA FRANK G. HEUSSER*
    DEBTOR
DOLORES M. HEUSSER,
    CO-DEBTOR
ROBERTA NAPOLITANO, TRUSTEE
    RESPONDENTS


<u>NOTICE OF CONTESTED MATTER RESPONSE DEADLINE</u>

Home Loan Investment Bank, F.S.B., (the "Movant") has filed a Motion for Relief from

Automatic Stay, (the "Contested Matter") in the above-captioned case. Notice is hereby

given that any response to the Contested Matter must be filed with the Court no later than

<u>January 25, 2018</u>, in accordance with Federal Rules of Bankruptcy Procedure 2002(a) and

9014*. In the absence of a timely filed response, the proposed order in the Contested Matter

*may* enter without further notice and hearing, see, 11 U.S.C. §102(1).


                                          /s/Linda St. Pierre

Dated    1/11/2018              By:    Linda St. Pierre
                                   McCalla Raymer Leibert Pierce, LLC
                                   50 Weston Street
                                   Hartford, CT 06120
                                   Telephone No. 860-240-9156
                                   Federal Bar No. CT22287

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

**THIS FIRM IS A DEBT COLLECTOR. WE MAY BE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. AT THIS TIME, WE ARE ONLY SEEKING TO PROCEED AGAINST THE PROPERTY.  IN THE EVENT OF A BANKRUPTCY DISCHARGE, NO DEFICIENCY JUDGMENT WILL BE ASSESSED AGAINST THE BORROWER.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

FRANKLYN G. HEUSSER,                          CHAPTER 13
*AKA FRANKLIN G. HEUSSER*                     CASE NO. 17-31672
*AKA FRANK G. HEUSSER*
    DEBTOR


HOME LOAN INVESTMENT BANK,
F.S.B.
      MOVANT

VS.

FRANKLYN G. HEUSSER,                          DATE:   JANUARY 11, 2017
*AKA FRANKLIN G. HEUSSER*
*AKA FRANK G. HEUSSER*
    DEBTOR
DOLORES M. HEUSSER,
    CO-DEBTOR
ROBERTA NAPOLITANO, TRUSTEE
    RESPONDENTS

**NOTICE OF CONTESTED MATTER RESPONSE DEADLINE CERTIFICATION**

The undersigned hereby certifies that on  January 11, 2018  in accordance with applicable law, I served the following documents upon the entities listed below (constituting all entities entitled to notice):

    (1)  a copy of the pleading initiating the contested matter, specifically:

        Motion for Relief from Stay and Co-Debtor Stay

    (2)  a copy of the Proposed Order associated therewith; and

    (3)  a Notice of Contested Matter Response Deadline

Franklyn G. Heusser
27 Prindle Avenue
Ansonia, CT 06401
(Debtor)

Dolores M. Heusser
27 Prindle Avenue
Ansonia, CT 06401
(Co-Debtor)

Neil Crane                              *(served via ECF notification)*
Law Offices of Neil Crane, LLC
2679 Whitney Avenue
Hamden, CT 06518
(Debtor's Attorney)


Roberta Napolitano                      *(served via ECF notification)*
10 Columbus Boulevard
6th Floor
Hartford, CT 06106
(Trustee)


U.S. Trustee                            *(served via ECF notification)*
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

                                        */s/Linda St. Pierre*
                                        _____
                        By:     Linda  St. Pierre
                                McCalla Raymer Leibert Pierce, LLC
                                50 Weston Street
                                Hartford, CT 06120
                                Telephone No. 860-240-9156
                                Federal Bar No. CT22287

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**New Haven Division**

| | |
|---|---|
| In re:<br><br>FRANKLYN G. HEUSSER,<br>*AKA FRANKLIN G. HEUSSER*<br>*AKA FRANK G. HEUSSER*<br><br>    Debtor. | Chapter 13<br><br>Case No.  17-31672 |

**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC**
**STAY, CO-DEBTOR STAY, IN REM ORDER AND RELATED EEQUITABLE RELIEF**

I, _____Brian Murphy_____, declare under penalty of perjury as follows:

1.    I am a/an __President__ of Home Loan Investment Bank, F.S.B. ("Movant") and am authorized to sign this declaration on behalf of Home Loan Investment Bank, F.S.B.  This declaration is provided in support of the Motion for Relief from Stay ("the Motion") filed contemporaneously herewith.

2.    As part of my job responsibilities for Movant, I have personal knowledge of and am familiar with the types of records maintained by Movant in connection with the loan that is the subject of the Motion (the "Loan") and the procedures for creating those types of records.  I have access to and have reviewed the books, records and files of Movant that pertain to the Loan and extensions of credit given to Debtor concerning the property securing such Loan.

3.    The information in this declaration is taken from Movant's business records regarding the Loan.  The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Movant's regularly conducted business activities; and (c) it is the regular practice of Movant to make such records.

4.     Movant is the holder of, and, directly or through an Agent, has possession of the original endorsed Note and/or Mortgage Deed of Trust.

5.     The Debtor, Franklyn G. Heusser aka Franklin G. Heusser aka Frank G. Heusser and Delores M. Heusser ("Co-Debtor") are otherwise obligated with respect to that certain promissory note referenced in the Motion (the "Note"). Pursuant to that certain Mortgage, deed of trust, or security deed as applicable and as referenced in the Motion ("Mortgage"), all obligations of the Debtor under and with respect to the Note and the Mortgage are secured by the property referenced in the Motion.

6.     As of December 1, 2017, there are one or more defaults in paying pre-petition and/or post-petition amounts due with respect to the Note.

7.     The amount of the Movant's debt is approximately $189,282.05, pursuant to a judgment of strict foreclosure that entered July 18, 2016 in Asonia/MilfordSuperior Court, Case # AANCV156019411S.

8.     The following chart sets forth those contractual payments, due pursuant to the terms of the Note, that have been missed by the Debtor as of December 1, 2017:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 16 | 9/1/16 | 12/1/17 | $2,152.00 | $107.60 | $2,259.60 | $36,153.60 |
| Less postpetition partial payments (suspense balance): | | | | ($ 0.00) | | |

**Total: <u>$36,153.60</u>**

9.      As of December 1, 2017, the total contractaul arrearage/delinquency is $36,153.60. This is the amount necessary to cure any post-petition default on or about the date hereof.   No post petition payments have been made by the Debtor.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of January , 2017.


Name: Brian Murphy
Title: President

EXHIBIT A



U.S. Small Business Administration

NOTE

| SBA Loan # | ████████ |
|---|---|
| SBA Loan Name | Frank's Service Station |
| Date | August 29, 2008 |
| Loan Amount | $250,000.00 |
| Interest Rate | Variable |
| Borrower | Franklyn G. Heusser, Dolores M. Heusser and Frank's LLC dba Frank's Service Station |
| Operating Company | Frank's LLC dba Frank's Service Station |
| Lender | Home Loan Investment Bank F.S.B. |

1.  PROMISE TO PAY:

    In return for the Loan, Borrower promises to pay to the order of Lender the amount of
    Two Hundred Fifty Thousand and 00/100 ($250,000.00) _____ Dollars,
    interest on the unpaid principal balance, and all other amounts required by this Note.

2.  DEFINITIONS:

    "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

    "Guarantor" means each person or entity that signs a guarantee of payment of this Note.

    "Loan" means the loan evidenced by this Note.

    "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

    "SBA" means the Small Business Administration, an Agency of the United States of America.

SBA Form 147 (06/03/02) Version 4.1

Page 1/6

3.   **PAYMENT TERMS:**

Borrower must make all payments at the place Lender designates. The payment terms for this Note are:

The interest rate on this Note will fluctuate. The initial interest rate is 7.75 % per year. This interest rate is the Prime Rate on the date SBA received loan application, plus 2.75%. The initial interest rate must remain in effect until the first change period begins.

Borrower must pay principal and interest payments of $2,353.19 every month, beginning two months from the month this Note is dated; payments must be made on the first calendar day in the months they are due.

Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal.

The interest rate will be adjusted every calendar quarter (the "change period").

The "Prime Rate" is the prime rate in effect on the first business day of the month in which an interest rate change occurs, as published in the Wall Street Journal on the next business day.

The adjusted interest rate will be 2.75% above the Prime Rate. Lender will adjust the interest rate on the first calendar day of each change period. The change in interest rate is effective on that day whether or not Lender gives Borrower notice of the change.

Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the Note.

If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default. If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase.

LOAN PREPAYMENT:

Notwithstanding any provision of this Note to the contrary:

Borrower may prepay this Note. Borrower may prepay 20% or less of the unpaid principal balance at any time without notice. If Borrower prepays more than 20% and the Loan has been sold on the secondary market, Borrower must:

a. Give Lender written notice;
b. Pay all accrued interest; and
c. If the prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal to 21 days' interest from the date Lender receives the notice, less any interest accrued during the 21 days and paid under subparagraph b., above.

If Borrower does not prepay within 30 days from the date Lender receives the notice, Borrower must give Lender a new notice.

When in any one of the first three years from the date of initial disbursement, Borrower voluntarily prepays more than 25% of the outstanding principal balance of the loan, Borrower must pay Lender on behalf of SBA a prepayment fee for that year as follows:

a. During the first year after the date on which the loan is first disbursed, 5% of the total prepayment amount;
b. During the second year after the date on which the loan is first disbursed, 3% of the total prepayment amount; and
c. During the third year after the date on which the loan is first disbursed, 1% of the total prepayment amount.

All remaining principal and accrued interest is due and payable 15 years from date of Note.

LATE CHARGE: If a payment on this Note is more than 10 days late, Lender may charge Borrower a late fee of up to 5.00% of the unpaid portion of the regularly scheduled payment.

4.  DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

A.  Fails to do anything required by this Note and other Loan Documents;
B.  Defaults on any other loan with Lender;
C.  Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;
D.  Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;
E.  Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;
F.  Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;
G.  Fails to pay any taxes when due;
H.  Becomes the subject of a proceeding under any bankruptcy or insolvency law;
I.  Has a receiver or liquidator appointed for any part of their business or property;
J.  Makes an assignment for the benefit of creditors;
K.  Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;
L.  Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or
M.  Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.

5.  LENDER'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, Lender may:

A.  Require immediate payment of all amounts owing under this Note;
B.  Collect all amounts owing from any Borrower or Guarantor;
C.  File suit and obtain judgment;
D.  Take possession of any Collateral; or
E.  Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6.  LENDER'S GENERAL POWERS:

Without notice and without Borrower's consent, Lender may:

A.  Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;
B.  Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral.  Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs.  If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;
C.  Release anyone obligated to pay this Note;
D.  Compromise, release, renew, extend or substitute any of the Collateral; and
E.  Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7.   WHEN FEDERAL LAW APPLIES:

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8.   SUCCESSORS AND ASSIGNS:

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.

9.   GENERAL PROVISIONS:

A.   All individuals and entities signing this Note are jointly and severally liable.

B.   Borrower waives all suretyship defenses.

C.   Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

D.   Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.

E.   Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.

F.   If any part of this Note is unenforceable, all other parts remain in effect.

G.   To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

10. STATE-SPECIFIC PROVISIONS:

Not applicable.

11. BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.

Franklyn G. Heusser

Dolores M. Heusser

Frank's LLC dba Frank's Service Station

By _____ member

Franklyn G. Heusser Jr., Member

SBA Form 147 (06/03/02) Version 4.1                                    Page 6/6

EXHIBIT B

Doc ID:   001270660012 Type: LAN

# Open-End MORTGAGE

BK 477   PG 33-44

### (Participation)

This mortgage made and entered into this 29th day of August, 2008 by and between Frank G. Heusser a/k/a/ Frank G. Heusser and Dolores M. Heusser a/k/a/ Delores H. Heusser, with a mailing address of 27 Prindle Avenue, Ansonia, CT 06401 (hereinafter referred to as mortgagor) and Home Loan Investment Bank, F.S.B. (hereinafter referred to as mortgagee), which maintains an office and place of business at 2 Altieri Way, Warwick, Rhode Island 02886.

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the Town of Ansonia, County of New Haven and State of Connecticut, known as 142 Wakelee Avenue, as more particularly described on the Schedule A attached hereto and made a part hereof.

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that it is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as of record may appear; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a Promissory Note dated August 29, 2008 in the principal sum of $250,000.00 signed by Franklyn G. Heusser, Dolores H. Heusser and Frank's LLC dba Frank's Service Station (collectively "Borrower"), a copy of such Promissory Note is attached hereto as Schedule B. The maturity date of the Promissory Note and this mortgage is August 29, 2023.

SBA FORM 928 (11 85) USE 2-78 EDITION UNTIL EXHAUSTED

Said promissory note was given to secure a loan in which the Small Business Administration, an agency of the United States of America, has participated. In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1(d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

1. The mortgagor covenants and agrees as follows:

a. He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

b. He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the said mortgagee.

c. He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said property. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

d. For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterment made to the property hereinabove described and all property acquired by it after the date hereof (an in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

e. The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

f. He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums thereof. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

g. He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable; and shall be secured by the lien of this mortgage.

h. He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, that he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

i. He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

j. All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

k. The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2. Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of al of the rents and profits accruing after default as security for the indebtedness hereby secured, with the right to enter upon said property for the purpose of collecting such rents and profits This instrument shall operate as an assignment of any rentals on said property to that extent.

SBA FORM 928 (11-85)

3. The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal, county, or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoint the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenant and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinbefore provided, the mortgagor or any persons in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any Sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of *the deficiency without regard to appraisement.*

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7. The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8. No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

10. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at 27 Prindle Avenue, Ansonia, CT 06401 any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 2 Altieri Way, Warwick, RI 02886.

11. This mortgage is given with mortgage covenants upon the statutory condition and with the statutory power of sale.

12. The Loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:
A. When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

SBA FORM 928 (11-85) •US .Government Printing Office: 1990–0-861-140

B. Mortgagee or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Mortgagor may claim or assert against SBA any local or state law to deny any obligation of Debtor, or defeat any claim of SBA with respect to this Loan.

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

13. WAIVERS. Mortgagor waives all rights of homestead exemption in, and statutory redemption of, the Property and all right of appraisement of the Property and relinquishes all rights of courtesy and dower in the Property.

14. FUTURE ADVANCES. This Security Instrument further secures any and all future advances that may be made from time to time by Mortgagee as hereinafter provided.

Upon request of Borrower, Mortgagee, at Mortgagee's option, prior to release of this mortgage, may make future advances to borrower. Such future advances, with interest thereon, shall be secured by this Security Instrument and shall be evidenced by the Note attached hereto and the books and records of the Mortgagee. At no time shall the principal amount of indebtedness secured by this Security Instrument exceed the original amount of the Note nor shall the maturity of future advances secured hereby extend beyond the time of repayment of the Note.

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

Executed and delivered in the presence of the following witnesses:

Alphonse Ippolito

Franklyn G. Heusser a/k/a/ Frank G. Heusser

Kevin W. Condon

Dolores M. Heusser a/k/a/ Delores H. Heusser

**STATE OF CONNECTICUT)**

)ss. New Haven          **August 29, 2008**

**COUNTY OF NEW HAVEN )**

On the 29th day of August, 2008, before me, Alphonse Ippolito, personally came Franklyn G. Heusser a/k/a/ Frank G. Heusser and Dolores M. Heusser a/k/a/ Delores H. Heusser, known to me to be the individual(s) described in and who executed the foregoing instrument, and acknowledged that he executed the same as their free act and deed.

Alphonse Ippolito
Commissioner of the Superior Court

G:\REAL ESTATE\Commercial\HOMELOAN-OCEAN BANK\Galvin Land LLC\mortgage SBA.wpd

## Schedule A

First Piece

A certain piece or parcel of land with the buildings and improvements
located thereon, located in the Town of Ansonia, County of New Haven
and State of Connecticut, on the easterly side of Wakelee Avenue,
more particularly described as follows:

Beginning at a point in the easterly line of Wakelee Avenue, 45
feet wide, at the southwesterly corner of land now or formerly of the
Bare Plains Burying Ground which point is 3.93 feet southerly of a
Connecticut Highway bound, said bound being 275 feet more or less
northerly from Hall Street and extending thence (1) bounding
northerly on said land now or formerly of Bare Plains Burying Ground
South 82 degrees 02 minutes East 98.96 feet to a point; thence (2)
bounding westerly on said land now or formerly of Bare plains Burying
Ground North 16 degrees 00 minutes 40 seconds East 55.65 feet to a
point; thence (3) bounding northerly in part on land now or formerly
of Anna Tomko Wantroba, in part on land now or formerly of Joseph
Balint and Rossie Balint and in part on land now or formerly of
Clarence Roy and Grace Louise Drapeau South 68 degrees 22 minutes 20
seconds East 87 feet more or less to the center of a brook; thence
running along the middle line of said brook bounding southeasterly in
part on land now or formerly of Robert C. Richter, Jr., in part on
land now or formerly of Pachome Wadyka and Mary Wadyka, in part on
land now or formerly of George Dudick and in part on land now or
formerly of Central Subalpi Club, Inc. following the meanderings and
curvings of said brook 340 feet , more or less, to a point in a stone
headwall distant 18.15 feet South 50 degrees East from a point in the
aforesaid side of Wakelee Avenue at the distance of 132.50 feet South
8 degrees West of the point and place of beginning; thence (5) in
part through said headwall and in part bounding southwesterly on land
now or formerly of Hall Manufacturing Co., Inc. North 59 degrees West
18.15 feet to the aforesaid point in the said easterly side of
Wakelee Avenue distant 122.50 feet South 8 degrees  west from the
point and place of beginning; thence (6) bounding westerly on said
easterly side of Wakelee Avenue North 8 degrees East 122.50 feet to
the point and place of beginning.

Excepting therefrom, that land conveyed from Frank Heusser and
Dolores Heusser to Central Subalpi Club Inc dated June 29, 1995 and
recorded July 7, 1995 in Volume 285 at Page 203 of the Ansonia Land
Records.

Second Piece

All that certain piece or parcel of land located in the City of
Ansonia, County of New Haven and State of Connecticut set forth in a
certain map entitled "Map Prepared for Frank's Service Station,
Ansonia, Connecticut, Scale: 1" = 20', December 6, 1994, Revised
December 20, 1994, January 9, 1995 and February 5, 1995", prepared by
the Office of Clarke and Pearson Associates, Inc., on record in the
Office of the Ansonia Town Clerk, to which map reference is made for
See Continuation Sheet

a more particular description, generally described as follows:

Commencing at a point in the northeasterly line of land now or
formerly of The Pierson Realty Co Inc., eighteen and fifteen
hundredths (18.15) feet southeasterly from the easterly line of
Wakelee Avenue;  thence South 59°-03'-57" East along land now or
formerly of The Pierson Realty Co Inc., twenty seven and forty
hundredths (27.40) feet to other land now or formerly of the Cnetral
Subalpi Club, Inc. one hundred forty one and fifty one hundredths
(141.51) feet to the center line of the original brook and property
line;  thence South 57°-28'-53" West along the center line of the
original brook and property line twenty four and sity nine hundredths
(24.69) feet;  thence South 59°-12'-58" West along the said center
line of the original brook and property line thirty and sixteen
hundredths (30.16) feet;  thence South 65°-56'-41" West along the
said center line of the original brook and property line forty four
(44.00) feet;  thence South 51°-11'-43" West along the said center
line of the original brook fifty three and eighty four hundredths
(53.84) feet to point of commencement.

**Fill in this information to identify your case and this filing:**

Debtor 1    **Franklyn G. Heusser**
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)   First Name          Middle Name          Last Name

United States Bankruptcy Court for the:   DISTRICT OF CONNECTICUT

Case number   **17-31672**

EXHIBIT C

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1.  Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes. Where is the property?

| | | |
|---|---|---|
| 1.1 | | |

**27 Prindle Avenue**
Street address, if available, or other description

**Ansonia**        **CT**    **06401-0000**
City              State    ZIP Code

**New Haven**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative

☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$270,000.00

**Current value of the portion you own?**
$270,000.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

☐ Check if this is community property (see instructions)

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Franklyn G. Heusser**                                                    Case number *(if known)*   **17-31672**

**1.2** **If you own or have more than one, list here:**

| | |
|---|---|
| **142 Wakelee Avenue** | **What is the property?** Check all that apply |
| Street address, if available, or other description | ☐ Single-family home |
| | ☐ Duplex or multi-unit building |
| | ☐ Condominium or cooperative |

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☑ Other   **Commercial Property**

**142 Wakelee Avenue**
Street address, if available, or other description

**Ansonia        CT      06401-0000**
City              State        ZIP Code

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $300,000.00 | $300,000.00 |

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☑ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

**New Haven**
County

Other information you wish to add about this item, such as local property identification number:

**Gas/Service Station**

---

**1.3** **If you own or have more than one, list here:**

**Vacant Lot**
Street address, if available, or other description

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☑ Land

☐ Investment property

☐ Timeshare

☐ Other

**Ocala          FL**
City              State        ZIP Code

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $15,000.00 | $15,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100%**

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☑ At least one of the debtors and another

☐ Check if this is community property (see instructions)

County

Other information you wish to add about this item, such as local property identification number:

**NO MORTGAGE**

---

2.  Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here................................................................=>

**$585,000.00**

**Part 2:** **Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    **Franklyn G. Heusser**                                        Case number *(if known)*    **17-31672**

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | **Toyota** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

3.1  Make: **Toyota**
Model: **Carolla**
Year: **2011**
Approximate mileage: **40,000**
Other information:
**Good Condition**

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?     Current value of the portion you own?

$8,000.00                        $8,000.00

3.2  Make: **Pontiac**
Model: **Montana**
Year: **2001**
Approximate mileage: **143,000**
Other information:

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?     Current value of the portion you own?

$1,500.00                        $1,500.00

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.............................................................=>

$9,500.00

**Part 3:    Describe Your Personal and  Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| **Misc. Household Goods and Furnishings** | $3,500.00 |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

| **Misc. Electronics** | $1,500.00 |
|---|---|

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes.  Describe.....

Official Form 106A/B                        Schedule A/B: Property                                page 3

Case 17-31672    Doc 7    Filed 11/30/17    Entered 11/30/17 14:47:18    Desc Main
Document    Page 6 of 41

Debtor 1    __Franklyn G. Heusser__    Case number *(if known)*    __17-31672__

**9.  Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
☐ No
■ Yes.  Describe.....

| Sports and Hobby Equipment - Exercise Treadmill | $25.00 |
|---|---|

**10.  Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
☐ No
■ Yes.  Describe.....

| Firearms - 1 pistol, 1 rifle, 1 shotgun | $300.00 |
|---|---|

**11.  Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes.  Describe.....

| Misc. Wearing Apparel | $300.00 |
|---|---|

**12.  Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes.  Describe.....

| Misc. Costume Jewelry/Wedding Bands | $1,000.00 |
|---|---|

**13.  Non-farm animals**
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes.  Describe.....

**14.  Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes.  Give specific information.....

**15.  Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ....................................................................

| $6,625.00 |
|---|

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16.  Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
☐ No
■ Yes.................................................................................................

| Cash on Hand | $50.00 |
|---|---|

Debtor 1    **Franklyn G. Heusser**                                                           Case number *(if known)*    **17-31672**

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
■ Yes........................                                              Institution name:

| | | | |
|---|---|---|---|
| 17.1. | **Checking** | **Webster Bank** | $300.00 |
| 17.2. | **Checking** | **TD Bank** | $1.00 |
| 17.3. | **Checking** | **Madison Bank of Georgia** | $5,000.00 |
| 17.4. | **Savings** | **Webster Bank** | $1,000.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
■ No
☐ Yes...................                    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
■ No
☐ Yes.  Give specific information about them...................
                    Name of entity:                                        % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
■ No
☐ Yes. Give specific information about them
                    Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
■ No
☐ Yes. List each account separately.
                    Type of account:        Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
■ No
☐ Yes. ....................                        Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
■ No
☐ Yes.............        Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ No
☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25.  Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ No
☐ Yes.  Give specific information about them...

Official Form 106A/B                              Schedule A/B: Property                                                          page 5

Debtor 1    **Franklyn G. Heusser**                                                    Case number *(if known)*    **17-31672**

---

26. **Patents, copyrights, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

**Money or property owed to you?**                                                    **Current value of the
                                                                                       portion you own?**
                                                                                       Do not deduct secured
                                                                                       claims or exemptions.

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
             benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
             Company name:                              Beneficiary:                   Surrender or refund
                                                                                       value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.
    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes.  Give specific information..

36.  **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
     for Part 4. Write that number here.................................................................................................................**          $6,351.00

---

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

---

Case 17-31672    Doc 7    Filed 11/30/17    Entered 11/30/17 14:47:18    Desc Main
Document       Page 9 of 41

Debtor 1    **Franklyn G. Heusser**                                Case number *(if known)*    **17-31672**

37. **Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes. Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---------|------------------------------------------------------------------------------------------|
|         | If you own or have an interest in farmland, list it in Part 1.                            |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---------|----------------------------------------------------------------------------------|

53. **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................        $0.00

| Part 8: | List the Totals of Each Part of this Form |
|---------|--------------------------------------------|

55. **Part 1: Total real estate, line 2** ..............................................................................................        $585,000.00

56. **Part 2: Total vehicles, line 5**                                                                        $9,500.00

57. **Part 3: Total personal and household items, line 15**                                                  $6,625.00

58. **Part 4: Total financial assets, line 36**                                                              $6,351.00

59. **Part 5: Total business-related property, line 45**                                                     $0.00

60. **Part 6: Total farm- and fishing-related property, line 52**                                            $0.00

61. **Part 7: Total other property not listed, line 54**                                                +    $0.00

62. **Total personal property. Add lines 56 through 61**...                               $22,476.00      Copy personal property total        $22,476.00

63. **Total of all property on Schedule A/B. Add line 55 + line 62**                                                     $607,476.00

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

EXHIBIT D

ORDER   403771

DOCKET NO: AANCV156019411S

SUPERIOR COURT

HOME LOAN INVESTMENT BANK, F.S.B
   V.
FRANK'S LLC DBA FRANK'S SERVICE
STATION Et Al

JUDICIAL DISTRICT OF ANSONIA/
MILFORD
   AT MILFORD

7/18/2016

ORDER

ORDER REGARDING:
06/08/2016 113.00 MOTION FOR JUDGMENT-STRICT FORECLOSURE

The foregoing, having been heard by the Court, is hereby:

ORDER:

Notice of Judgment of Foreclosure by Sale

Property Address: 27 PRINDLE AVENUE, ANSONIA, CT

Judgment of Foreclosure by Sale is hereby entered as follows:

Franklyn G. Heusser, Jr. found not in the military of the U.S.

Debt: $189,282.05 as of 7/18/2016
Attorney Fees: $2,700.00
Total: $191,982.05
Appraisal Fee: $100.00
Title Search Fee: $225.00
Fair Market Value: $290,000.00
Land: $90,000.00
Improvements: $200,000.00

The Sale Date is: Saturday, September 03, 2016

Terms of the Sale: 12:00 noon on the premises.
Deposit Amount: $29,000.00 Deposit to be paid by bank or certified check only.
Committee Appointed: RICHARD JOHN KOROLYSHUN, 10 ELIZABETH STREET, PO BOX 321,
DERBY, CT 06418
Ordered in accordance with the Statewide Standing Orders(JD-CV-79) and Uniform Procedures for
Foreclosure by Sale Matters(JD-CV-81).
Independent Appraiser: WILLIAM J. SHEEHY, SHEEHY ASSOCIATES, P.O. BOX 826, SHELTON,
CT 06484
Return of Appraisal by: Friday, August 19, 2016
Deposit not required if Plaintiff is the successful bidder. The Plaintiff may submit a bid via fax.
No fees or expenses prior to: Saturday, July 30, 2016
Sign to be posted on: Thursday, August 04, 2016
Publication in New Haven Register on: 8/21/2016, 8/28/2016 including a picture of the subject property
if available at no additional cost.
Ad to be posted on Judicial Website.
Plaintiff's Atty: HUNT LEIBERT JACOBSON PC, 50 WESTON STREET, HARTFORD, CT 06120
Copies sent Tuesday, July 19, 2016 to:

HUNT LEIBERT JACOBSON PC; DOLORES M HEUSSER AKA DOLORES H. HEUSSER AKA
DOLORES HEUSSER; FRANKLYN G HEUSSER SR AKA FRANKLYN G. HEUSSER AKA
FRANK G. HEUSSER AKA FRANK HEUSSER; RICHARD JOHN KOROLYSHUN, ESQ.

Judicial Notice (JDNO) was sent regarding this order.

403771
_____

Judge: JOHN W MORAN
Processed by: Kari Baum

**EXHIBIT E**

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Franklyn G. Heusser** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF CONNECTICUT |
| Case number (if known) | **17-31672** |

☐ Check if this is an amended filing

## Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1: List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|

**2.1 Frank Heusser**
Creditor's Name

**Madison, GA**
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Describe the property that secures the claim:
**142 Wakelee Avenue Ansonia, CT 06401  New Haven County Gas/Service Station**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Column A: **$60,000.00**
Column B: **$300,000.00**
Column C: **$0.00**

Date debt was incurred _____    Last 4 digits of account number _____

**2.2 Home loan Investment Bank**
Creditor's Name

**1 Home Loan Plaza
Attn: President / Manager
Warwick, RI 02886**
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Describe the property that secures the claim:
**27 Prindle Avenue Ansonia, CT 06401  New Haven County**

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Blanket Secured Lien**

Column A: **$169,000.00**
Column B: **$270,000.00**
Column C: **$0.00**

Date debt was incurred **2008**    Last 4 digits of account number _____

Debtor 1   **Franklyn G. Heusser**                                    Case number (if know)   **17-31672**
   First Name      Middle Name      Last Name

---

| 2.3 | **Home loan Investment Bank** | | $169,000.00 | $300,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

> 142 Wakelee Avenue Ansonia, CT 06401  New Haven County Gas/Service Station

**1 Home Loan Plaza**
**Attn: President / Manager**
**Warwick, RI 02886**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)   **Blanket Secured Lien**

Date debt was incurred   **2008**          Last 4 digits of account number

---

| 2.4 | **Internal Revenue Service** | | $1.00 | $300,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

> 142 Wakelee Avenue Ansonia, CT 06401  New Haven County Gas/Service Station

**PO Box 7346**
**Attn: President / Manager**
**Philadelphia, PA 19101-7346**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☑ Contingent
☐ Unliquidated
☑ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Date debt was incurred          Last 4 digits of account number

---

| 2.5 | **Town of Ansonia** | | $1.00 | $300,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

> 142 Wakelee Avenue Ansonia, CT 06401  New Haven County Gas/Service Station

**Tax Collector**
**253 Main Street**
**Attn: President / Manager**
**Ansonia, CT 06401**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)   **Sewer Lien**

Date debt was incurred          Last 4 digits of account number

---

| 2.6 | **Town of Ansonia** | Describe the property that secures the claim: | $1.00 | $270,000.00 | $0.00 |

---

Official Form 106D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 2 of 5

Debtor 1  **Franklyn G. Heusser**                                    Case number (if know)   **17-31672**

First Name        Middle Name        Last Name

| | |
|---|---|
| Creditor's Name | **27 Prindle Avenue Ansonia, CT 06401  New Haven County** |
| **Tax Collector**<br>**253 Main Street**<br>**Attn: President / Manager**<br>**Ansonia, CT 06401** | As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| Number, Street, City, State & Zip Code | **Nature of lien.** Check all that apply. |
| **Who owes the debt?** Check one. | ☐ An agreement you made (such as mortgage or secured car loan) |
| ☐ Debtor 1 only | |
| ☐ Debtor 2 only | ☐ Statutory lien (such as tax lien, mechanic's lien) |
| ☐ Debtor 1 and Debtor 2 only | ☐ Judgment lien from a lawsuit |
| ■ At least one of the debtors and another | ■ Other (including a right to offset)   **Property Taxes** |
| ☐ Check if this claim relates to a community debt | |

Date debt was incurred _____      Last 4 digits of account number _____

| | | | | |
|---|---|---|---|---|
| **2.7** | **Town of Ansonia** | Describe the property that secures the claim: | $1.00 | $300,000.00 | $0.00 |

| | |
|---|---|
| Creditor's Name | **142 Wakelee Avenue Ansonia, CT 06401  New Haven County**<br>**Gas/Service Station** |
| **Tax Collector**<br>**253 Main Street**<br>**Attn: President / Manager**<br>**Ansonia, CT 06401** | As of the date you file, the claim is: Check all that apply.<br>■ Contingent<br>☐ Unliquidated<br>■ Disputed |
| Number, Street, City, State & Zip Code | **Nature of lien.** Check all that apply. |
| **Who owes the debt?** Check one. | ☐ An agreement you made (such as mortgage or secured car loan) |
| ☐ Debtor 1 only | |
| ☐ Debtor 2 only | ☐ Statutory lien (such as tax lien, mechanic's lien) |
| ☐ Debtor 1 and Debtor 2 only | ☐ Judgment lien from a lawsuit |
| ■ At least one of the debtors and another | ■ Other (including a right to offset)   **Property Taxes** |
| ☐ Check if this claim relates to a community debt | |

Date debt was incurred _____      Last 4 digits of account number _____

| | | | | |
|---|---|---|---|---|
| **2.8** | **Webster Bank, NA** | Describe the property that secures the claim: | $85,893.18 | $270,000.00 | $0.00 |

| | |
|---|---|
| Creditor's Name | **27 Prindle Avenue Ansonia, CT 06401  New Haven County** |
| **PO Box 1809**<br>**Attn: President / Manager**<br>**Hartford, CT 06144-1809** | As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| Number, Street, City, State & Zip Code | **Nature of lien.** Check all that apply. |
| **Who owes the debt?** Check one. | ☐ An agreement you made (such as mortgage or secured car loan) |
| ☐ Debtor 1 only | |
| ☐ Debtor 2 only | ☐ Statutory lien (such as tax lien, mechanic's lien) |
| ☐ Debtor 1 and Debtor 2 only | ☐ Judgment lien from a lawsuit |
| ■ At least one of the debtors and another | ■ Other (including a right to offset)   **First Mortgage** |
| ☐ Check if this claim relates to a community debt | |

Date debt was incurred  **2013**      Last 4 digits of account number _____

| | | | | |
|---|---|---|---|---|
| **2.9** | **WPCA, Town of Ansonia** | Describe the property that secures the claim: | $1.00 | $270,000.00 | $0.00 |

Debtor 1   **Franklyn G. Heusser**
   First Name       Middle Name       Last Name

Case number (if know)   **17-31672**

---

Creditor's Name

**Tax Collector**
**253 Main Street**
**Attn: President / Manager**
**Ansonia, CT 06401**

Number, Street, City, State & Zip Code

**27 Prindle Avenue Ansonia, CT**
**06401  New Haven County**

As of the date you file, the claim is: Check all that apply.

■ Contingent
☐ Unliquidated
■ Disputed

Nature of lien. Check all that apply.

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

☐ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Sewer Lien**

Date debt was incurred _____   Last 4 digits of account number _____

---

Add the dollar value of your entries in Column A on this page. Write that number here:   **$483,898.18**
If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:   **$483,898.18**

---

**Part 2:**  **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐   Name, Number, Street, City, State & Zip Code
   **Bansley Anthony**
   **265 Orange Street**
   **Attn: President / Manager**
   **New Haven, CT 06510**

On which line in Part 1 did you enter the creditor?  **2.6**

Last 4 digits of account number ____

☐   Name, Number, Street, City, State & Zip Code
   **Bansley Anthony**
   **265 Orange Street**
   **Attn: President / Manager**
   **New Haven, CT 06510**

On which line in Part 1 did you enter the creditor?  **2.7**

Last 4 digits of account number ____

☐   Name, Number, Street, City, State & Zip Code
   **Beatty & Beatty LLC**
   **25 Boston Street**
   **Attn: President / Manager**
   **Guilford, CT 06437**

On which line in Part 1 did you enter the creditor?  **2.8**

Last 4 digits of account number ____

☐   Name, Number, Street, City, State & Zip Code
   **McCalla Raymer Leibert Pierce**
   **50 Weston Street**
   **Attn: President / Manager**
   **Hartford, CT 06120**

On which line in Part 1 did you enter the creditor?  **2.2**

Last 4 digits of account number ____

☐   Name, Number, Street, City, State & Zip Code
   **Mtag Caz Creek CT**
   **101 S. Tryon St**
   **Suite 2560**
   **Attn: President / Manager**
   **Charlotte, NC 28280**

On which line in Part 1 did you enter the creditor?  **2.6**

Last 4 digits of account number ____

---

Official Form 106D     Additional Page of Schedule D: Creditors Who Have Claims Secured by Property     page 4 of 5

Debtor 1    **Franklyn G. Heusser**                                    Case number (if know)    **17-31672**
First Name        Middle Name        Last Name

☐    Name, Number, Street, City, State & Zip Code        On which line in Part 1 did you enter the creditor?  **2.2**
**RICHARD JOHN KOROLYSHUN**
**10 ELIZABETH STREET, PO BOX 32**        Last 4 digits of account number ___
**Derby, CT 06418**

U.S. Small Business Administration



U.S. Small Business Administration

## UNCONDITIONAL GUARANTEE

| | |
|---|---|
| SBA Loan # | ███████ |
| SBA Loan Name | **Frank's Service Station** |
| Guarantor | **Franklyn G. Heusser Jr.** |
| Borrower | **Franklyn G. Heusser, Dolores M. Heusser and Frank's LLC dba Frank's Service Station** |
| Lender | **Home Loan Investment Bank, F.S.B.** |
| Date | **August 29, 2008** |
| Note Amount | **$250,000.00** |
| | |

1.    GUARANTEE:

Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2.    NOTE:

The "Note" is the promissory note dated August 29, 2008 in the principal amount of Two Hundred Fifty Thousand Dollars, from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3.    DEFINITIONS:

"Collateral" means any property taken as security for payment of the Note or any guarantee of the Note.
"Loan" means the loan evidenced by the Note.
"Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
"SBA" means the Small Business Administration, an Agency of the United States of America.

4. **LENDER'S GENERAL POWERS:**
Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;

B. Refrain from taking any action on the Note, the Collateral, or any guarantee;

C. Release any Borrower or any guarantor of the Note;

D. Compromise or settle with the Borrower or any guarantor of the Note;

E. Substitute or release any of the Collateral, whether or not Lender receives anything in return;

F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;

G. Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and

H. Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5. **FEDERAL LAW:**
When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations.  Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes.  By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability.  As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6. **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**
To the extent permitted by law,

A. Guarantor waives all rights to:
   1) Require presentment, protest, or demand upon Borrower;
   2) Redeem any Collateral before or after Lender disposes of it;
   3) Have any disposition of Collateral advertised; and
   4) Require a valuation of Collateral before or after Lender disposes of it.

B. Guarantor waives any notice of:
   1) Any default under the Note;
   2) Presentment, dishonor, protest, or demand;
   3) Execution of the Note;
   4) Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
   5) Any change in the financial condition or business operations of Borrower or any guarantor;
   6) Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
   7) The time or place of any sale or other disposition of Collateral.

C. Guarantor waives defenses based upon any claim that:
   1) Lender failed to obtain any guarantee;
   2) Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
   3) Lender or others improperly valued or inspected the Collateral;
   4) The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;

SBA Form 148 (10/98) Previous editions obsolete

| | |
|---|---|
| 5) | Lender impaired the Collateral; |
| 6) | Lender did not dispose of any of the Collateral; |
| 7) | Lender did not conduct a commercially reasonable sale; |
| 8) | Lender did not obtain the fair market value of the Collateral; |
| 9) | Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note; |
| 10) | The financial condition of Borrower or any guarantor was overstated or has adversely changed; |
| 11) | Lender made errors or omissions in Loan Documents or administration of the Loan; |
| 12) | Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor; |
| 13) | Lender impaired Guarantor's suretyship rights; |
| 14) | Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts; |
| 15) | Borrower has avoided liability on the Note; or |
| 16) | Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents. |

7.   **DUTIES AS TO COLLATERAL:**

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

8.   **SUCCESSORS AND ASSIGNS:**

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns.

9.   **GENERAL PROVISIONS:**

A.   ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

B.   SBA NOT A CO-GUARANTOR. Guarantor's liability will continue even if SBA pays Lender. SBA is not a co-guarantor with Guarantor. Guarantor has no right of contribution from SBA.

C.   SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until Note is paid in full.

D.   JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

E.   DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

F.   FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.

G.   LENDER'S RIGHTS CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.

H.   ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to the Guarantee.

I.   SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

J.   CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

10.     STATE-SPECIFIC PROVISIONS:

Not Applicable

11.    GUARANTOR ACKNOWLEDGMENT OF TERMS:

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

12.    GUARANTOR NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

Franklyn G.Heusser Jr.

EXHIBIT F

DOCKET NO.: AAN-CV-15-6019411-S                          : SUPERIOR COURT

HOME LOAN INVESTMENT BANK, F.S.B.                        : JUDICIAL DISTRICT OF
                                                         : ANSONIA-MILFORD

V.                                                       : AT MILFORD

FRANK'S LLC D/B/A FRANK'S SERVICE                        : JULY 27, 2016
STATION, ET AL.

## NOTICE OF ENTRY OF JUDGMENT OF FORECLOSURE BY SALE

Pursuant to Connecticut Practice Book Section 17-22, the Plaintiff hereby notifies **all non-appearing Defendants that a Judgment of Foreclosure by Sale was entered**.

The Court found the value of the property located 27 PRINDLE AVENUE, ANSONIA, CT 06401 to be $290,000.00 and the debt due to HOME LOAN INVESTMENT BANK, F.S.B. to be $189,282.05. Additionally, the Court awarded attorney's fees of $2,700.00, a title search fee of $225.00 and an appraisal fee of $100.00.

The court scheduled the sale for **Saturday, September 3, 2016, at 12:00 pm** on the subject premises.
Plaintiff

By: _____ /s/ Matthew St. Pierre _____
    Matthew F. Bristol
    Hunt Leibert Jacobson, P.C.
    50 Weston Street
    Hartford, CT 06120
    Its Attorneys
    Juris No. 101589
    860-808-0606

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed on July 27, 2016 to all non-appearing

Defendants, as follows:

FRANK'S LLC D/B/A FRANK'S SERVICE STATION
142 WAKELEE AVENUE
ANSONIA, CT 06401

FRANKLYN G. HEUSSER, JR.
27 PRINDLE AVENUE
ANSONIA, CT 06401

UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE
C/O UNITED STATES ATTORNEY GENERAL
LORETTA LYNCH
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20530

_____/s/ *Linda St. Pierre* 432748_____
Matthew F. Bristol
Attorney for the Plaintiff

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR.
WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.   HOWEVER, IF YOU ARE
IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS
DEBT, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE
DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE
ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.
303914

EXHIBIT G

ORDER    416586

DOCKET NO: AANCV156019411S

SUPERIOR COURT

HOME LOAN INVESTMENT BANK, F.S.B
V.
FRANK'S LLC DBA FRANK'S SERVICE
STATION Et Al

JUDICIAL DISTRICT OF ANSONIA/
MILFORD
AT MILFORD

10/13/2017

ORDER

ORDER REGARDING:
10/13/2017 141.00 MOTION FOR ADVICE BY COURT-APPOINTED PERSON

No Counsel Present. No Parties Present.

The foregoing, having been considered by the Court, is hereby:

ORDER:

Notice of Judgment of Foreclosure by Sale (as opened and modified)

Property Address: 27 PRINDLE AVENUE, ANSONIA, CT

The Sale Date is: Saturday, December 02, 2017
Terms of the Sale: 12:00 noon on the premises.
Deposit Amount: $26,500.00 Deposit to be paid by bank or certified check only.
Committee Appointed: RICHARD JOHN KOROLYSHUN, 10 ELIZABETH STREET, PO BOX 321,
DERBY, CT 06418
Ordered in accordance with the Statewide Standing Orders(JD-CV-79) and Uniform Procedures for
Foreclosure by Sale Matters(JD-CV-81).
Independent Appraiser: WILLIAM J. SHEEHY, SHEEHY ASSOCIATES, 3 ROARING BROOK
LANE, SHELTON, CT 06484
Return of Appraisal by: Friday, November 17, 2017
Deposit not required if Plaintiff is the successful bidder. The Plaintiff may submit a bid via fax.
No fees or expenses prior to: Saturday, September 09, 2017
Sign to be posted on: Thursday, November 02, 2017
Publication in New Haven Register on: 11/19/2017, 11/26/2017 including a picture of the subject
property if available at no additional cost.
Ad to be posted on Judicial Website.

Plaintiff's Atty: MCCALLA RAYMER LEIBERT PIERCE LLC, 50 WESTON STREET, HARTFORD,
CT 06120

Copies sent Tuesday, October 17, 2017 to:
MCCALLA RAYMER LEIBERT PIERCE LLC; DOLORES M HEUSSER AKA DOLORES H.
HEUSSER AKA DOLORES HEUSSER; FRANKLYN G HEUSSER SR AKA FRANKLYN G.
HEUSSER AKA FRANK G. HEUSSER AKA FRANK HEUSSER; RICHARD JOHN
KOROLYSHUN, ESQ.

Judicial Notice (JDNO) was sent regarding this order.

AANCV156019411S    10/13/2017                                                    Page 1 of 2

416586

Judge: ARTHUR A HILLER

