UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 13 |
| FRANKLYN G. HEUSSER | ) Case No. 17-31672 AMN |
| Debtor(s) | ) April 12, 2018 |

### OBJECTION TO CONFIRMATION

Roberta Napolitano, Chapter 13 Standing Trustee ("Trustee"), objects to the confirmation of the Chapter 13 Plan (ECF 10, "Plan") of the above-captioned Debtor(s) ("Debtor") for the following reasons:

1. The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan is feasible or represents the Debtor's best efforts. Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee so that she may perform her duties under the Code, and to turn over all recorded information relating to property of the estate. The Debtor has not provided:
    a. Copies of tax returns for 2016 and 2017;
    b. Copies of payment advices or other evidence of payment received (for Debtor and spouse), including business or rental income and a substantial "outside" contribution, for the six months prior to filing;
    c. Updated evidence of all sources of income, updated through confirmation.

2. The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan complies with 11 U.S.C. § 1325(a)(4), and provides for a distribution to unsecured claims of an amount that is not less than what they would receive in a Chapter 7 liquidation. Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee to allow her to perform her duties under the Code, and to turn over all recorded information relating to property of the estate. The Debtor has not provided:
    a. Copies of bank statements showing the balance on deposit on the date of filing;
    b. Valuation of real property (FL lot).

3. The Debtor's Plan cannot be confirmed under § 1325(a)(1) of the Bankruptcy Code:
    a. The Debtor has failed to complete a Meeting of Creditors.
    b. The Plan fails to treat allowed claims as filed.
    c. The Plan fails to provide for the distribution to unsecured claims of an amount that is not less than what would be received in a Chapter 7 liquidation pursuant to 11 U.S.C. § 1325(a)(4), in that the Plan provides for a 100% dividend to unsecured claims, but it appears that unsecured claims are entitled to 100% plus the federal judgment rate of interest.
    d. The Debtor is unlikely to propose a feasible plan, as required by 11 U.S.C. § 1325(a)(6). It appears that a Plan incorporating proofs of claim as filed with interest where appropriate would require in excess of $2,700.00 monthly. The Debtor's budget (Schedules I and J, ECF 7), with modest expenses and including an unsubstantiated contribution and unsubstantiated business income, shows only $1,787.00 available for a plan payment.

**Wherefore,** the Trustee respectfully requests that Confirmation of the Plan be denied.

/s/ Roberta Napolitano
Roberta Napolitano tr08378
Chapter 13 Standing Trustee
10 Columbus Blvd., 6th Floor
Hartford, Connecticut 06106
Tel: 860-278-9410, ext. 110
Fax: 860-527-6185
rnapolitano@ch13rn.com

**CERTIFICATE OF SERVICE**

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the date set forth above, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system, or by first class mail on the parties listed in Section 2 below:

1. **Documents Served:** Objection to Confirmation
2. **Parties Served Via First Class Mail:**
Debtor:
FRANKLYN G. HEUSSER
27 PRINDLE AVENUE
ANSONIA, CT 06401;
3. **Parties Served Electronically Include:**
Debtor's Attorney Neil Crane, Esq.: neilcranecourt@neilcranelaw.com;
Office of the U. S. Trustee, Kim McCabe, Assistant U. S. Trustee: ustpregion02.nh.ecf@usdoj.gov.

/s/ Roberta Napolitano
Roberta Napolitano tr08378
Chapter 13 Standing Trustee

2